# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL NO. 2:05CV209
## (2:03CR101-5)

| | |
|---|---|
| DIXIE SANDERS, ) </br> ) </br> Petitioner, ) </br> ) </br> Vs. ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br> Respondent. ) </br> ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255, and her previous filing styled, "Motion for Reinstatement of Appeal Rights." No response to either motion is necessary from the Government.

A prisoner in federal custody may attack her conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is

not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts. The Court, having reviewed the record of the criminal proceedings, enters summary dismissal for the reasons stated herein.

## I. PROCEDURAL HISTORY

On January 29, 2004, Petitioner entered into a plea agreement with the Government in which she agreed to plead guilty to conspiracy to possess with intent to distribute methamphetamine as charged in the one-count superseding bill of indictment in violation of 21 U.S.C. §§ 841(a)(1) and 846.[1] **Plea Agreement, filed February 2, 2004; Superseding Bill of Indictment, filed December 2, 2003.** The plea agreement also stipulated that Petitioner acknowledged the amount of methamphetamine that was known or reasonably foreseeable to her was a mixture of at least 50 grams, but less than 200 grams. **Plea Agreement, at 2.** She formally entered her

---

[1]The Petitioner was also charged with possession with intent to distribute cocaine base in the same count; however, her plea agreement was silent as to this charge.

plea before the Magistrate Judge on February 5, 2004, and was sentenced by the undersigned on July 1, 2004, to a term of 37 months imprisonment. **Rule 11 Inquiry and Order of Acceptance of Plea, filed February 5, 2004; Judgment in a Criminal Case, filed July 13, 2004.**

In the plea agreement, Petitioner was advised that she faced a maximum sentence of not less than 5 years nor more than 40 years imprisonment, a maximum fine of $2 million, and at least 4 years supervised release. **Plea Agreement, at 1.** The Petitioner was also advised that if the Government filed a notice of a prior drug conviction, then the maximum sentence would be not less than 10 years nor more than life imprisonment, a $4 million fine, and at least 8 years supervised release. *Id*. She also waived the right to contest her conviction or sentence on direct appeal or pursuant to 28 U.S.C. § 2255 on any grounds other than ineffective assistance of counsel or prosecutorial misconduct. *Id*., **at 4.** She does not allege prosecutorial misconduct in her petition.

At the Rule 11 hearing, the Petitioner was advised, among other things, of the maximum possible sentences and her waivers. **Rule 11 Inquiry,** *supra*. As is the custom in this Court, not only did the Petitioner answer each

question during the hearing, but she and her attorney signed the Rule 11 Inquiry which was then filed of record. *Id*. In that Inquiry, Petitioner acknowledged that her written plea agreement, which she also had signed, contained a provision waiving her right to appeal her conviction or sentence or to contest it in any collateral proceeding, including a § 2255 petition, on any ground other than ineffective assistance of counsel or prosecutorial misconduct. *Id*. Petitioner also acknowledged that her guilty plea was knowing and voluntary, she was satisfied with the services of her attorney, she understood the sentencing guidelines and how they applied to her, she had been afforded sufficient time to discuss her case with her attorney, and she understood and agreed with the terms of her plea agreement. *Id*. The Petitioner further advised the Court that she was pleading guilty because she was in fact guilty of the crimes charged in the indictment; that her plea was voluntary "and not the result of coercion, threats or promises other than those contained in the written plea agreement;" she acknowledged that if the sentence imposed was harsher than expected, she was still bound by her guilty plea; that she knew and fully understood what she was doing and wanted the Court to accept her plea of guilty; and that she had no questions

or comments to make about any matter discussed in the course of the proceeding. *Id*.

Although the Petitioner admitted prior problems with depression as a result of a history of sexual abuse and the use of prescription medications, there was no indications of limited mental ability. **Presentence Investigation Report, prepared May 5, 2004, at 10.** The Petitioner is well educated, having graduated from high school and obtained an Associates Degree from a technical school in 2001. *Id*., **at 11.** She obtained a bachelor of arts degree in psychology in 2004. **See Defendant's Motion to Extend Reporting Date, filed August 20, 2004.**

The maximum sentence for the count to which the Petitioner pled guilty was 5 to 40 years' imprisonment. Due in large part to her attorney's due diligence and tireless efforts on her behalf, the undersigned sentenced the Petitioner on July 1, 2004, to a term of 37 months imprisonment. The Petitioner did not file a direct appeal, but now attacks her conviction and sentence on the grounds that she was a victim of ineffective assistance of counsel in a variety of ways.

## II. DISCUSSION

After listing what has become a familiar litany of complaints,[2] Petitioner proceeds to offer a critique of the federal court system.  **See Petitioner's Motion for Reinstatement of Appeal Rights,** *supra*.  The Court will not address the latter inasmuch as the critique is irrelevant to this decision on the merits of Petitioner's § 2255 claim.

Each of Petitioner's complaints as listed in her "Motion for Reinstatement" and incorporated into her § 2255 motion, relate directly to dissatisfaction with her attorney's performance.  *Id*.  These complaints directly contradict her previously signed and affirmed Rule 11 Inquiry before the

---

[2]Petitioner alleges in part:
[She] . . . reviewed her plea [agreement] repeatedly and cannot locate no (sic) drug amount, weight and breakdown of charges[;] [she] argued extensively with counsel as to stipulations in plea and periphrial (sic) issues thereof to no avail, coupled with egregious actions[;] counsel refused to pursue Alford Plea and possible Rule 35 availability[;] counsel refused to respond to [Petitioner's calls, request for motions, present arguments, and thoroughly investigate circumstances and options[;] counsel negligently failed to properly advise and give [Petitioner] reasonable opportunity of meaningful participation and assessment of her proceeding.  Therefore[,] petitioner has been denied effective counsel, robbing her of a fair, equitable, just outcome, and her . . . ignorantly irreplaceable rights.
**Defendant's Motion for Reinstatement of Appeal Rights, filed July 11, 2005, at 2.**

Magistrate Judge filed February 2, 2004. In addition, prior to appearing for the Rule 11 hearing, the Petitioner and her attorney filed a Rule 11 Inquiry which stated, among other things, that "[Petitioner] is entirely satisfied with the services of [her] attorney." **Rule 11 Inquiry, filed February 2, 2004, at 4.** Petitioner and her attorney then signed this Inquiry thereby certifying and affirming that both she and her attorney had reviewed and discussed its contents. *Id*., **at 6.**

At the Rule 11 hearing before the Magistrate Judge, the Petitioner, under oath, stated she was entirely satisfied with the services of her attorney; that her plea of guilty was voluntary and not the result of coercion, threats, or promises other than those contained in her plea agreement; that she had received ample time to discuss her case with her attorney and told him everything she wanted him to know about her case; and that she knew and understood what she was doing and wanted the Court to accept her plea of guilty. **Rule 11 Inquiry and Order,** *supra***, at 5-8.**

In Petitioner's § 2255 motion, she reiterates her allegations of ineffective assistance of counsel as set out in her previous Motion for Reinstatement and adds an additional claim that counsel failed to advise the

United States Attorney of information Petitioner possessed regarding a drug distributor that may have qualified her for Rule 35 consideration. However, at Petitioner's sentencing hearing, the United States Attorney advised the Court that the Petitioner had been sufficiently cooperative to qualify for the "safety valve;" that even though she had been cooperative, "she was not able to do anything proactive or provide information that led to substantial assistance, but she was as cooperative as she could be[.]" **Transcript of Sentencing Hearing, filed June 20, 2005, at 7.** Taken in the context of the hearing, the information provided in the presentence report, and Petitioner's previous written statements regarding the quality performance of her attorney, it is clear that the United States Attorney concluded that Petitioner's cooperation fell short of justifying a Rule 35 motion.

Given the Petitioner's age, her life experiences, and her educational achievements, it is difficult for the Court to imagine that the Petitioner did not understand, agree with, and participate in every relevant decision made by her experienced attorney. It is even more difficult to understand her claims since they conflict with the written record in this case as set forth above.

> [T]he record reflects that the [Magistrate Judge] conducted a
> thorough and comprehensive Rule 11 hearing prior to accepting

> [Petitioner's] guilty plea. In that proceeding, . . . [Petitioner] stated, among other things, that no one had coerced [her] into pleading guilty and [she] was in fact guilty of the [conspiracy] offense. [Petitioner] was advised of the essential terms of the plea agreement, and [she] asserted under oath that [she] understood them. The court reviewed the maximum permissible sentence on the [felony] conviction, and [Petitioner] acknowledged that [she] understood. The court also advised [Petitioner] of the constitutional rights being waived by [her] guilty plea, and [she] again indicated [her] understanding. In these circumstances, [Petitioner's] conclusory post-[conviction] assertions that [her] plea was not knowing and voluntary . . . fail to overcome the barrier of the sworn statements made at [her] Rule 11 hearing.

***United States v. Ubakanma***, 215 F.3d 421, 424 (4th Cir. 2000). A defendant's statements at a Rule 11 hearing are "strong evidence" of voluntariness and knowledge. ***United States v. DeFusco***, 949 F.2d 114, 119 (4th Cir. 1991).

> [R]epresentations of the defendant . . . at [a Rule 11 hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, *as are contentions that in the face of the record are wholly incredible.*

***Blackledge v. Allison***, 431 U.S. 63, 73-74 (1977) (emphasis added); *see also, United States v. Lemaster,* 403 F.3d 216, 221-22 (4th Cir. 2005) **(holding that in the absence of extraordinary circumstances, which do not**

**appear here, the truth of sworn statements made during a Rule 11 colloquy is conclusively established[.]"); *United States v. Blick*, 408 F.3d 162, 173 (4th Cir. 2005) (holding that the Government as well as the defendant should receive the benefits of a binding plea agreement).**

Based on the Petitioner's plea agreement, her signature on the Rule 11 Inquiry, the advice she received from the Court during the Rule 11 hearing, and her representations during that hearing, the Court finds Petitioner knowingly and voluntarily entered into the plea agreement and plead guilty to the count of the indictment cited *infra*. ***DeFusco, supra.*** Thus, the Court also finds the Petitioner made a knowing and voluntary waiver of the right to attack her conviction or sentence by a collateral proceeding such as a § 2255 motion except as noted in her plea agreement. ***See, United States v. Shea*, 175 F.3d 1018 (table), 1999 WL 172810 (4th Cir. 1999);** *United States v. Pelzer*, **166 F.3d 336 (table), 1998 WL 879019 (4th Cir. 1998) (citing** *United States v. Wessells*, **936 F.2d 165, 167-68 (4th Cir. 1991));** *United States v. Hoyle*, **33 F.3d 415, 418 (4th Cir. 1994).**

Petitioner claims her attorney was ineffective for the reasons previously addressed and others considered by the Court to be meritless. In considering Petitioner's claims that she has not received adequate assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

**Strickland v. Washington, 466 U.S. 668, 686 (1984).** Unless a defendant makes both showings, her claim of ineffective assistance of counsel must fail. ***Id***. Thus, a defendant must show counsel's performance fell below objective standards of reasonableness, and, that but for his conduct, there was a reasonable probability the result would have been different. ***Id*., at 688; *Hill v. Lockhart*, 474 U.S. 52 (1985); *Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290 (4th Cir. 1992) (In order to obtain relief from a guilty plea on the basis of ineffective assistance of counsel, a defendant must show both that counsel was incompetent and but for that incompetence, she would not have pled guilty).** If the defendant fails to make the first showing, there is no need to consider the second. ***Strickland, supra*.**

The language of the plea agreement; the record of the Rule 11 inquiry; the record of the sentencing hearing; the fact that prior to this motion the Petitioner has failed to file a single objection to counsel's performance, but to the contrary, she has previously expressed her full satisfaction with counsel; the fact that the Petitioner faced up to a statutory maximum of 40 years imprisonment, of which the final sentence (reflected by the plea agreement and application of U.S.S.G. § 5C1.2(a)(1) - (5)) of 37 months was a mere fraction, disproves the Petitioner's accusations against her attorney. Instead, these factors indicate a job well done by a dedicated, experienced attorney who worked diligently and successfully on behalf of his client. Thus, the Court concludes that counsel's performance was not deficient and the second prong of *Strickland* need not be reached. Petitioner's motion is found by this Court to be void of merit and will be summarily dismissed.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correction judgment is hereby **DENIED**. A Judgment dismissing the action is filed herewith.

**IT IS FURTHER ORDERED** that the Petitioner's Motion for Reinstatement of Appeals Rights is **DENIED** as moot.

**Signed: December 6, 2005**

Lacy H. Thornburg
United States District Judge